# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

JOSEPH BOONE, BOONE TRUCKING,
INC., RUDOLPH MACK, MACK'S
DIVERSIFIED BUILDING SERVICES, INC.
D/B/A YOUR WAY CLEANING SERVICE,
VIVIAN GUERRA, NDN DRYWALL, INC.,
PATRICK PELTIER, AND
TATANKA CONCRETE & MASONRY, INC.,

           Plaintiffs

v.

                              **MEMORANDUM OPINION &**
                              **ORDER**
                                   Civil File No. 05-24 (MJD/JGL)

PCL CONSTRUCTION SERVICES, INC.
WEIS BUILDERS, INC., and THE CITY
OF MINNEAPOLIS,

           Defendants.


_____

David L. Shulman, William Dornbos, Shulman & Dornbos PLLC, counsel for
Plaintiffs.

Lowell Noteboom, Mary E. Schwind, Leonard, Street & Deinard, counsel for
Defendant PCL Construction Services, Inc.

David J. Goldstein, Daniel Prokott, Faegre & Benson LLP, counsel for Defendant
Weis Builders, Inc.

Burt Osborne, Sydnee N. Woods, Minneapolis City Attorney, counsel for the City
of Minneapolis.

_____

## I.    INTRODUCTION

This case is before the Court on the Motion by Defendant The City of Minneapolis to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b)(6) or in the alternative for summary judgment.[1]  Plaintiffs allege that the Defendant contractors (PCL and Weis) have engaged in racial discrimination in awarding contracts on city projects in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1988, and the Minnesota Human Rights Act, Minn. Stat. §363A.17; and that the City has been aware of this discrimination, has failed to enforce ordinances that prohibit this discrimination, and has failed to act even though it knows of false representations by the contractors regarding affirmative action compliance requirements.  Second Am'd Complaint, ¶¶ 11-13.[2]  Plaintiffs oppose the Motion to Dismiss and have filed a Motion for a Continuance under Fed. R. Civ. P. 56 (f) in response to the City's alternative Motion for Summary Judgment.

---

[1]     Defendant PCL Construction Services moved to dismiss the individual plaintiffs' claims under Fed. R. Civ. P. 12 (c).  After the Motion was filed, the Plaintiffs and PCL entered into a Stipulation of Dismissal of those claims, and the claims were dismissed. [Docket Nos. 38, 51].  The individual plaintiffs' claims against Defendants Weis Builders and the City of Minneapolis have also been dismissed pursuant to Stipulation [Docket No. 64], and Plaintiff Mack's Diversified Building Services, Inc. d/b/a Your Way Cleaning Service claims against Defendant PCL have been dismissed pursuant to Stipulation [Docket No. 65].

[2]     A related matter, *Burns v. Weis Builders & the City of Minneapolis*, No. 05-740 (JNE/SRN) was filed on April 12, 2005, and has been transferred to the undersigned as a related case.  Order of June 22, 2005.

## II.     FACTUAL BACKGROUND

On a Rule 12 Motion to Dismiss, the Court must construe the allegations in the pleadings in a light most favorable to the nonmovant, including by taking the facts alleged in the Complaint as true.  *Rousseau v. Goodwill/Easter Seals*, No. 04-1152, 2004 U.S. Dist. Lexis 27073 at *2 (D. Minn., Aug. 24, 2004); *E.E.O.C. v. Northwest Airlines, Inc.*, 216 F. Supp.2d 935, 937 (D. Minn. 2002).  This factual background is taken from the allegations of the Second Amended Complaint.

The Plaintiff organizations are minority-owned businesses, generally in the business of commercial construction projects.  Second Am'd Compl., ¶¶ 1-4.  The Defendant contractors, which are not minority-owned, were awarded contracts on City projects.  *Id.*, ¶¶ 5-6.  Plaintiffs allege with respect to two City projects, the Central Library project and the Heritage Park project, that the City has failed to set and enforce minority participation goals, has failed to demand or obtain documentation of contractors' affirmative action efforts, and has failed to provide oversight or to act when it knows that contractor compliance with minority participation goals or requirements is missing or misrepresented.  *Id.*, ¶¶ 12-13.

For example, on the Library project, Plaintiff Boone Trucking alleges that the City "knew about, approved, and financed" certain alleged discriminatory actions taken by  Defendant PCL with respect to Boone's efforts to participate in that project.  *Id.*, ¶¶ 14-17, 20-22.  Similarly, on the Heritage Park project,

Plaintiffs allege that the City "knew about, approved, and financed" certain alleged discriminatory acts by Defendant Weis Builders, against Plaintiff Your Way Cleaning. *Id.*, ¶¶ 24-25. Plaintiffs also allege that the "City knew that Weis did not accept" a bid from Tatanka Concrete, although it represented to the City that it would use Tatanka, yet the City did not penalize Weis. *Id.*, ¶¶ 27-30.

In several paragraphs of the Second Amended Complaint, Plaintiffs allege that the City acted or failed to act pursuant to a custom or policy of discrimination. *Id.*, ¶¶ 11, 13, 22, 30. Plaintiffs also allege that all of the Defendants, including the City, acted "maliciously, wantonly, willfully, knowingly, and in intentional or reckless disregard of plaintiffs' legal rights," by reason of which the Plaintiffs have sustained loss and damages. *Id.*, ¶¶ 31-32.

## III.   DISCUSSION

### A.   Procedural Standards for the City's Motions.

The City moves for dismissal of each count of the Second Amended Complaint under Fed. R. Civ. P. 12 (b)(6). As noted earlier, the Court must construe the allegations in the pleadings in a light most favorable to the nonmovant, including by taking the facts alleged in the Complaint as true. *Rousseau v. Goodwill/Easter Seals*, No. 04-1152, 2004 U.S. Dist. Lexis 27073 at *2 (D. Minn., Aug. 24, 2004); *E.E.O.C. v. Northwest Airlines, Inc.*, 216 F. Supp.2d 935, 937 (D. Minn. 2002). The Complaint should be liberally construed in plaintiffs'

favor and should not be dismissed under Rule 12 (b)(6) unless it appears that plaintiffs can prove no set of facts that would entitle them to relief. *Maki v. Allete, Inc.*, 383 F.3d 740, 742 (8th Cir. 2004); *Springdale Educ'n Ass'n v. Springdale School Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). Under this standard, dismissal is granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003) (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

In the alternative, the City seeks summary judgment under Fed. R. Civ. P. 56. The Court can convert the City's Motion to Dismiss into a motion for summary judgment if it considers matters outside the pleadings. Fed. R. Civ. P. 12 (b)(6). However, those extra-pleading materials will not convert the Motion to one for summary judgment if they are "matters of public record, materials that do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Fraenkel v. Messerli & Kramer, P.A.*, No. 04-1072, 2004 U.S. Dist. LEXIS 15196 at *6 (D. Minn., July 29, 2004) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). "Matter outside the pleadings" includes written or oral evidence that provides substantiation for, rather than reiterating, the allegations in the pleadings, and "new facts not alleged in any pleadings." *Id.* If the motion is converted, the standard then to be applied requires the moving

party to show that there are no material disputed facts on which a reasonable fact finder could find in the non-movant's favor, and therefore the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); *Clardy v. City of St. Paul*, No. 01-CV-1275, 2003 WL 21805203 at *3 (D. Minn., Aug. 4, 2003).

### B.    Counts I & IV: Violation of 42 U.S.C. §1981 & Minn. Stat. §363A.17.

The City argues that these claims must be dismissed because the allegations that it acted with "deliberate indifference" are not the equivalent of intentional discrimination. The City does not rely on materials outside the Complaint to support this Motion. Thus, the Court considers this Motion solely under the standards of Fed. R. Civ. P. 12 (b)(6) and without converting it to one for summary judgment.

The Section 1981 racial discrimination claim requires the plaintiff to show (1) membership in a racial minority; (2) the defendant's intentional discrimination was based on race; and (3) the discrimination concerns an area covered by statute. *Williams v. Lindenwood University*, 288 F.3d 349, 355 (8th Cir. 2002); *Clardy*, No. 01-1275, 2003 WL 21805203 at * 10. The claim under Minn. Stat. § 363A.17 uses the same analytical framework. *Smith v. DataCard Corp.,* 9 F. Supp.2d 1067, 1078 (D. Minn. 1998). The plaintiff need only allege a "short and plain statement" to support its claim for relief, not a detailed recitation of the

proof that will ultimately be used to support the claim. *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 564-65 (3d Cir. 2002) (reversing dismissal of Section 1981 claim and noting that few dismissals at pleading stage are upheld); *Everett-Dicko v. Ogden Entertainment Services, Inc.*, 36 Fed Appx. 245, 2002 WL 848001 (9th Cir., May 2, 2002) (reversing Order granting motion to dismiss Section 1981 claim, noting that Rule 8 requires only a short and plain statement showing entitlement to relief); *Donlyn Dist'n v. BP Amoco Corp.*, No. 01 C 5728, 2002 WL 31178008 (N.D. Ill. Sept. 20, 2002) ("To be sure they are conclusory in nature but the mere allegation that BP purposefully discriminated against Donlyn based upon race enables the complaint to withstand BP's motion to dismiss."); *PAS Communications, Inc. v. Sprint Corp.*, 112 F. Supp.2d 1106, 1108 (D. Kan. 2000) (allegations that defendants withheld bid information from minority contractors and denied contracting opportunities on the basis of race sufficient to withstand Rule 12 Motion).

The City accurately points out that the Complaint does not use the words "intentional discrimination." However, the Plaintiffs allege details regarding contracting opportunities, the treatment of other, non-minority subcontractors, and the City's failure to act even when it (allegedly) knew contractors were making false representations and that discrimination was on-going in connection with these contracting opportunities. Second Am'd Compl., ¶¶ 15, 17, 22, 24-25,

30.  The Plaintiffs also allege that the City's actions, along with the contractors' actions, were taken "in intentional and reckless disregard of plaintiffs' legal rights."  *Id.*, ¶ 31.  Finally, the Plaintiffs allege that the contractors' actions were taken "on account of the race" of the Plaintiffs, and that the City "knew about, approved, and financed this discrimination."  *Id.*, ¶¶ 17, 20, 22, 24-25.

The City contends these allegations fail, however, under the Supreme Court's decision in *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 102 S.Ct. 3141 (1982).  The crucial distinction between *General Bldg. Contractors* and this case, however, is in the procedural setting.  The City's challenge is brought in the context of a Motion to Dismiss, in which this Court must accept the Complaint's allegations as true, while the Supreme Court issued its decision following an appeal after a trial.  *Id.* at 380-81, 102 S.Ct. at 3144-45.  After finding that Section 1981 "reaches only purposeful discrimination," *id.* at 389, 102 S.Ct. at 3149, the Supreme Court accepted the lower court's finding that "the plaintiffs had failed to prove intent to discriminate on the part of the employers and associations as a class," *id.* at 391, 102 S.Ct. at 3150, and then concluded that the record did not support a finding of liability based on vicarious or respondeat superior theories.  *Id.* at 391-95, 102 S.Ct. at 3150-52.  In other words, the Supreme Court considered the petitioners' liability based on a trial record, not based on the allegations of a Complaint that have not yet been tested in discovery.

Taking the allegations of the Complaint as true and construing them liberally, these allegations meet the pleading requirements for a Section 1981 claim.   The City's Motion to Dismiss Counts I and IV is therefore denied.

## C.        Count II:  Violation of 42 U.S.C. §1983

The City moves to dismiss, or in the alternative, for summary judgment on Count II which alleges a violation of 42 U.S.C. §1983, arguing that Plaintiffs have failed to identify an unconstitutional policy, custom, or practice that would support an allegation of intentional discrimination.   The City relies on two municipal ordinances, the Affidavit of Marvin Taylor, City Contract Compliance Officer, and exhibits from the Heritage Park project as support for this Motion.  At least the Taylor Affidavit and the exhibits are matters outside the pleadings, which requires the Court to consider this Motion as one for summary judgment under Fed. R. Civ. P. 56.  *Fraenkel v. Messerli & Kramer, P.A.*, No. 04-1072, 2004 U.S. Dist. LEXIS 15196 at *8 (D. Minn., July 20, 2004).[3]  The City's summary judgment

_____

[3]        The municipal ordinance on which the City relies would not, by itself, take the Motion outside of Rule 12 (b)(6) because it is a public record and is consistent with and necessarily embraced by the allegations of the Second Amended Complaint, *see* Second Am'd Compl., ¶12.  The Court could exclude the Taylor Affidavit and exhibits and then consider the Motion under Fed. R. Civ. P. 12 (b)(6), even with the  ordinance.  However, this Motion would be denied because the Complaint alleges that the City's unlawful actions were taken pursuant to a "policy, custom, or practice," and the City does not argue that these allegations are insufficient as a matter of law.

motion rests largely on the theory that, even assuming the truth of the plaintiffs' allegations, they are insufficient as a matter of law to allow a reasonable jury to rule in plaintiffs' favor because the evidence shows the City has undertaken "a deliberate and intentional effort . . . to diversify the subcontracts on both the Heritage Park and New Central Library projects." The City also argues that there is no evidence of any custom of failing to receive, investigate, and act upon complaints, and the Plaintiffs' reliance on a 1995 study on discriminatory practices does not suffice to establish a policy or custom.

In opposition, Plaintiffs moved under Fed. R. Civ. P. 56 (f) for a continuance until they have an adequate opportunity for discovery before opposing the City's summary judgment motion. Under this rule, the movant must show, by affidavit, the reasons why it cannot present the facts essential to oppose the summary judgment motion. This Court has held that the party seeking protection under Rule 56 (f) must do so in good faith, by demonstrating specifically why a response is not possible, what relevant facts discovery might provide, and how further discovery will allow a response. *Modtland v. Mills Fleet Farm, Inc.*, No. 04-3051, 2004 WL 2730100 at *3 (D. Minn., Nov. 28, 2004).

The City argues in opposition to the Rule 56 (f) Motion that the facts and evidence in the Taylor Affidavit were available to the Plaintiffs through the Minnesota Data Practices Act, Minn. Stat. §13.03, subd. 1. Since Plaintiffs did not

request this information before beginning this action, the City argues that they

cannot be heard now to complain about a lack of discovery.  In addition, the City

contends the Plaintiffs would have obtained the information now sought through

discovery had they complied with the pre-filing investigation requirement of Fed.

R. Civ. P. 11, for example, with a Data Practices Act request.

Rule 11 requires an attorney to certify that the factual allegations in a

Complaint have evidentiary support or are likely to have such support after a

reasonable opportunity for further investigation and discovery.  Fed. R. Civ. P. 11

(b).  This requirement imposes on attorneys the obligation to conduct an

"appropriate investigation into the facts that is reasonable under the

circumstances."  Advisory Comm. Notes, 1993 Amendments.  A reasonable

investigation will uncover a factual and legal basis for the plaintiff's allegations.

*Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003).

The Court does not believe the Rule 11 pre-filing investigation imposes an

obligation to engage in the equivalent of discovery, particularly given the liberal

pleading rules.  *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163,

168, 113 S. Ct. 1160, 1163 (1993) (rejecting argument that heightened pleading

requirement for section 1983 claim is consistent with Rule 11 pre-filing

investigation obligation, noting inconsistency with liberal pleading rules).

Further, even if the information recited in the Taylor Affidavit or in the exhibits

was available to the Plaintiffs under the Data Practices Act, it is not clear that this would have been enough for Plaintiffs to oppose summary judgment without the benefit of additional discovery.  For example, the challenged policy, custom, or practice at issue could be an unwritten policy, which would not necessarily be obtained through a Data Practices Act request.  *See Redpath v. City of Overland Park*, 857 F. Supp. 1448, 1463 (D. Kan. 1994) (denying motion for summary judgment on Section 1983 claim where plaintiffs opposed under Rule 56 (f) and alleged custom or policy was unofficial); *see also Hoekstra v. Independent School Dist. No. 283*, 916 F. Supp. 941, 946 (D. Minn. 1996) (plaintiff can prevail on 1983 claim by showing unofficial policy or custom, or official inaction that reflects deliberate indifference).

Plaintiffs list, in their Rule 56 (f) Affidavits, the information they seek in discovery and its relevance to the City's alleged custom, policy, or practice.  *See* Boone, Guerra, Peltier, & Mack Affs. at p. 7, ¶9.  In addition, the City's Rule 26 (a) disclosures and Mr. Taylor's Affidavit suggest that some information may only be available through discovery, e.g., Mr. Taylor's information "regarding the general contractor's good faith efforts to meet goals for participation by minority-owned businesses."  Ex. C at p.2, Shulman Aff.  Mr. Taylor's Affidavit confirms that he reviewed documents and placed "numerous phone calls" to assess PCL's good faith efforts at compliance.  Taylor Aff., ¶ 12.  Presumably, these efforts would not have

been disclosed in a Data Practices Act request, but would be covered through

discovery tools, such as Interrogatories or a deposition.  Plaintiffs also claim that

discovery will allow them, among other possibilities, to test Taylor's

representations regarding the accuracy of the data concerning minority business

participation on these projects.  In addition, plaintiffs claim that the discovery they

have served and depositions they will take will establish that, notwithstanding the

1995 study, the "level of minority participation on the City's projects is lower now

than it was prior to the enactment of the affirmative action ordinance."

The Court concludes, based on this record, that Plaintiffs' Rule 56 (f)

Motion for a Continuance must be granted and the City's Motion for Summary

Judgment must be denied, without prejudice to renewing it at a later date.

Plaintiffs' complaint alleges more than just the existence of the 1995 study to

support the allegations of discrimination and an unconstitutional policy or custom.

For example, Plaintiffs allege that the defendant contractors made false

representations to the City, the City knew about these false representations, and

the City, pursuant to a custom and policy of discrimination, failed to take steps to

address these false representations.  *See* Second Am'd Compl., ¶¶ 13, 16, 22, 30.

Discovery that yields admissible evidence on the topics Plaintiffs have attempted

to pursue, for example, an alleged failure to investigate complaints of on-going

discrimination, may be enough to defeat summary judgment.  *See Fletcher v. Tom*

*Thumb, Inc.*, No. 99-1680, 2001 WL 893913 at *7 (D. Minn., Aug. 7, 2001) (denying city's summary judgment motion on 1983 claim).

Finally, none of the cases cited by the City granted summary judgment in favor of the defendant, on the custom or policy element, in the absence of discovery allowed to the plaintiff. Rather, each decision was made based on the sufficiency of the evidence offered by the plaintiff after discovery. *See Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (granting summary judgment for defendant where plaintiff's evidence of citizen complaints and post-incident conduct was not sufficient to show an official policy); *Thelma D. v. Board of Educ.*, 934 F.2d 929, 932 (8th Cir. 1991) (plaintiff's evidence of 5 complaints over 16 years in a system that employs 4,000 did not rise to the level of a custom of failing to receive, investigate, and act upon complaints). This Court has also recognized that "discrimination cases often turn on inferences rather than on direct evidence," and thus on summary judgment, deference to the nonmovant may be appropriate. *Clardy*, 2003 WL 21805203 at *3. With this view of the summary judgment standard, with the express allegations of an unconstitutional custom or policy, and with the detailed outline of discovery and facts that Plaintiffs expect to gather, the City's Motion for Summary Judgment must be denied in favor of the Plaintiffs' Motion for a Continuance.

**C.      Count III: Violation of 42 U.S.C. §1985.**

The City moves to dismiss Count III, which alleges a conspiracy under section 1985 to violate the Plaintiffs' rights under Section 1983, arguing that the allegations are insufficient to meet the requirement of demonstrating a mutual understanding among the conspirators, i.e., a "meeting of the minds."  The Court treats the City's Motion solely as one brought under Fed. R. Civ. P. 12 (b)(6).  No where in this portion of the City's Motion does it expressly rely upon materials outside the pleadings.  Rather, the crux of the City's argument is that the Plaintiffs "have failed to properly plead or support this [mutual understanding] allegation with any specific facts."  City's Op'g Br. at 17.

Mere allegations of conspiracy without stating sufficient facts about a mutual understanding or meeting of the mind does not state a claim under Section 1985. *Cabal v. U.S. Dep't of Justice*, 1992 WL 336447 (8th Cir., Nov. 18, 1992) (citing *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (conspiracy claim requires allegation of specific facts showing meeting of minds)), *cert. denied*, 510 U.S. 831, 114 S. Ct. 101 (1993); *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988) (although plaintiff need not allege direct facts regarding a conspiracy, must at least provide some facts regarding meeting of minds).  Under this standard, and even under the liberal pleading standards, nothing in the Complaint could be construed as alleging a meeting of the minds.  Plaintiffs have alleged a

15

variety of acts by each of the Defendants.  Then, Plaintiffs allege that the City

knew of, acquiesced in, and/or approved of the Contractor defendants'

discriminatory actions.  There is no link between the two sets of allegations that

suggest there was a meeting of the mind between either of the Defendant

contractors and the City.  With similar allegations, this Court has dismissed a

Section 1985 conspiracy claim.  *Fletcher v. Tom Thumb, Inc.*, No. 99-1680, 2001 WL

893913 at *3-4 (D. Minn., Aug. 7, 2001) (plaintiff must allege meeting of minds,

and "bald allegation of conspiracy" coupled with factual allegations of incident not

enough).

The Court therefore concludes that, to the extent that Count III states a

claim for an alleged violation of 42 U.S.C. §1985, it fails to state a claim upon

which relief can be granted because it has not alleged a conspiracy of the type

required to assert this claim.  Fed. R. Civ. P. 12 (b)(6).  The City's Motion to

Dismiss will therefore be granted on Count III.


**IV.  CONCLUSION**

Based on all the files, records, and proceedings herein and for the reasons

stated above, **IT IS HEREBY ORDERED** that the Motion of Defendant The City of

Minneapolis [Docket No. 29] is GRANTED IN PART and DENIED IN PART, and

the Plaintiffs' Motion for a Continuance [Docket No. 40] is GRANTED, as follows:

16

1.  The Motion to Dismiss under Fed. R. Civ. P. 12 (b) (6) as to Counts I and IV is **DENIED**.

2.  The Motion to Dismiss under Fed. R. Civ. P. 12 (b) (6), and the alternative Motion for Summary Judgment as to Count II is **DENIED**, and Plaintiffs' Motion for a Continuance is **GRANTED**.

3.  The Motion to Dismiss under Fed. R. Civ. P. 12 (b) (6) as to Count III, to the extent it states a claim for alleged violation of 42 U.S.C. §1985, is **GRANTED**.

Dated: July 29, 2005

s/ Michael J. Davis
Michael J. Davis
United States District Court